UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20479-WILLIAMS/SIMONTON

UNITED STATES OF AMERICA

vs.

ALAN AGNEW,
    a/k/a "Smoke,"

    Defendant.
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and defendant Alan Agnew, a/k/a "Smoke" (hereinafter "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Counts 2, 4, 8, 9, 10, and 12 of the Indictment. Counts 2 and 4 charge the defendant with obstructing, delaying, and affecting commerce, by means of robbery, in violation of Title 18, United States Code, Section 1951(a). Counts 8 and 10 charge the defendant with taking a motor vehicle, with the intent to cause death and serious bodily harm, which motor vehicle had previously been transported, shipped, or received in interstate commerce, from the person or presence of another by force, violence, or intimidation, in violation of Title 18, United States Code, Section 2119(1). Count 12 charges the defendant with attempting to take a motor vehicle, with the intent to cause death and serious bodily harm, which motor vehicle had previously been transported, shipped, or received in interstate commerce, from the person or presence of another by force, violence, or intimidation, in violation of Title 18, United States Code, Section 2119(1). Count 9 charges the defendant with using and

carrying a firearm during the crime of violence alleged in Count 8 of the Indictment – or with aiding and abetting the use and carrying of a firearm during that crime of violence – in violation of Title 18, United States Code, Section 924(c).

2. This Office agrees to seek dismissal of counts 1, 3, 5, 11, and 13 of the Indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's Probation Office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that as to Count 9, the Court must impose a minimum term of imprisonment of seven (7) years and may impose a statutory maximum term of imprisonment of life, followed by a term of supervised release of up to five (5) years. The defendant also understands and acknowledges that as to each of Counts 2 and 4, the Court may impose a statutory maximum term of imprisonment of twenty (20) years, followed by a term of supervised release of up to three (3) years. The defendant also understands and acknowledges that as to Counts 8, 10, and 12, the Court may impose a statutory maximum term of imprisonment of fifteen (15) years, followed by a term of supervised release of up to three (3) years. The defendant also understands and acknowledges that any term of imprisonment imposed as to Counts 2, 4, 8, 10, and 12 must be run consecutively to any term of imprisonment imposed as to Count 9. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 as to each of Counts 2, 4, 8, 9, 10 and 12 and must order restitution.

5. The defendant further understand and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $600 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

6. This Office reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing

recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the Probation Office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. In light of this Office's agreement to dismiss Counts 3, 5, 11, and 13, each of which upon conviction would require the Court to impose a minimum mandatory sentence of twenty-five (25) years, to be run consecutively to any other term of imprisonment, the parties agree to jointly recommend that the Court, pursuant to Title 18, United States Code, Section 3553(a), should

impose a sentence of twenty-five (25) years' imprisonment. The defendant understands and acknowledges that a sentence of twenty-five (25) years' imprisonment may be above the advisory guideline range determined by the Court. The parties jointly agree to recommend that the Court impose a sentence that is neither higher nor lower than twenty-five (25) years' imprisonment. The defendant understands and acknowledges that the Court is under no obligation to accept the parties' sentencing recommendation.

9. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the Probation Office, is a prediction, not a promise, and is not binding on this Office, the Probation Office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

10. The defendant also agrees to assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash and other monetary instruments, wherever located, which the defendant or others to the defendant's knowledge have accumulated as a result of illegal activities. Such assistance will involve the defendant's agreement to the entry of an order enjoining the transfer or encumbrance

of assets that may be identified as being subject to forfeiture. Additionally, defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to this Office upon this Office's request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property.

11.     The defendant knowingly and voluntarily agrees to waive any claim or defense the defendant may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited assets.

12.     The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant

acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

13. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 10/7/2015    By: _____
OLIVIA S. CHOE
ASSISTANT UNITED STATES ATTORNEY

Date: 10-7-15    By: _____
WILLIAM A. CLAY
ATTORNEY FOR DEFENDANT

Date: 10-7-15    By: _____
ALAN AGNEW
DEFENDANT